**CV 11 - 2868**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ANDREW BROWN,

                                      Plaintiffs,

            -against-                        **COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK, INSPECTOR DONALD
LYONS, POLICE OFFICER FATTAH, POLICE
OFFICER PERKINS, JOHN DOE POLICE OFFICERS
##1

                                  ECF CASE

                                Defendants.

------------------------------------------------------------------- x

MAUSKOPF, J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incidents which took place on January 8 and April 2, 2010 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop and search, false arrest, excessive force, and issuance of false accusatory instruments.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Andrew Brown is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

9. Inspector Donald Lyons ("Lyons") was at all times here relevant the Commanding Officer of the 79th Precinct, and, as such, had responsibilities with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Lyons is sued in his individual and official capacities.

10. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On January 8, 2010, Officer Fattah pushed the plaintiff against a wall and told him that someone pulled out a gun in a nearby store and that the plaintiff fit the description. Plaintiff was handcuffed and hit his head as officers physically forced him into the police car. He was issued a summons for disorderly conduct, but it was dismissed.

13. On April 2, 2010 at approximately 9:00 P.M., plaintiff was standing with one friend in the vicinity of 220 Throop Avenue, Brooklyn, NY without blocking any building entrances. The plaintiff observed officers approach a nearby group. One officer was directing the others to issue summonses to those standing on the street. One of these officers approached the plaintiff and wrote him summonses #432196746-6 for blocking pedestrian traffic and # 432196743-0 for littering. All charges were dismissed against plaintiff.

14. All defendant officers formed an agreement to stop, search and detain plaintiffs without probable cause or reasonable suspicion.

15. At all times during the events described above, the defendants were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments

3

to the United States Constitution to be free from an unreasonable search and seizure of his person and property;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

   f. Loss of liberty; and

   g. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

18. The preceding paragraphs are here incorporated by reference.

19. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC § 1983.

20. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures by falsely imprisoning, conducting illegal searches, falsely prosecuting with accusatory instruments, and using excessive force against him, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United

4

States Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22. The preceding paragraphs are here incorporated by reference.

23. The City and Lyons are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

24. The City and Lyons knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

25. The aforesaid event was not an isolated incident. The City and Lyons have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis to approach and stop individuals on the street, and the observations required to support reasonable suspicion and probable cause. The City and Lyons are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for a street stop, routinely assault civilians, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City and Lyons fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, The City and Lyons have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil

5

actions. Furthermore, The City and Lyons are aware through press reports that supervising officers demand that police officers write summonses and make arrests to meet quotas with little or no regard of the guilt of the target civilian. The City and Lyons are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

26. The City and Lyons knew or should have known that the officers who caused plaintiffs injury had a propensity for the type of conduct that took place in this case. Nevertheless, The City and Lyons failed to take corrective action. Without proper supervision not only is this abusive and unconstitutional conduct ignored, it is condoned.

27. The City and Lyons have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City and Lyons to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

29. Defendants The City and Lyons have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

30. Plaintiff was damaged as a result of the wrongful, negligent and illegal acts of the The City and Lyons.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

  A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
June 14, 2011

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Inspector Donald Lyons
Brooklyn South Narcotics Bureau
1 Police Plaza
Room 1100
New York, NY 10038

Officer Fattah
NYPD 79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221

Officer Perkins
NYPD 79th Precinct
263 Tompkins Avenue
Brooklyn, NY 11221

Yours, etc.,

LEO GLICKMAN, ESQ.
Bar #LG #3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com